IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EDWIN MUTH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-1689 |
| | : | |
| LSI CORPORATION | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                          **July 1, 2010**

Plaintiff Edwin Muth claims Defendant LSI Corporation (LSI) violated § 510 of the

Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1140 (ERISA), by intentionally

preventing him from obtaining retirement or severance benefits owed to him under an ERISA

retirement plan.  LSI moved for summary judgment, arguing there is no evidence LSI terminated

Muth to prevent him from accruing ERISA benefits.  This Court entered an Order granting LSI's

motion on May 3, 2010, because the undisputed facts demonstrate LSI did not violate ERISA.  This

Court now files this memorandum opinion to supplement the May 3, 2010 Order and to set forth the

undisputed facts.

**FACTS**

Muth has worked for LSI or its predecessors, AT&T, Lucent Technologies, and Agere

Systems since 1978.  In August 2007, LSI entered into an agreement with Infineon Technologies

North America (Infineon) to sell LSI's Mobility Products Group (MPG) to Infineon.  LSI informed

its employees it expected to close in October 2007.  When LSI closed on October 24, 2007, it

terminated MPG's employees.  The same employees began working for Infineon the next day.

Muth worked for MPG at the time, and had been accruing retirement benefits since 1978.

LSI employees were eligible for full retirement benefits at age 50.  Additionally, under LSI's early

retirement plan, employees terminated between the ages of 49 and 50 were eligible for a Transitional

Leave of Absence (TLA), which allowed an employee to bridge the twelve months or less before

turning 50. Muth's 49th birthday was not until November 24, 2007, so he asked LSI to defer his

formal termination until December 1, 2007. He asserts he also obtained Infineon's approval for this

deferral. Between August 2007 and the closing, LSI allegedly made disparaging remarks about Muth

to Muth's customers and threatened Muth if he did anything to impede the sale.[1] LSI ignored Muth's

deferment proposal and terminated his employment with the rest of the MPG staff on the sale closing

date, October 24, 2007, one month before Muth's 49th birthday. Muth began working for Infineon

the following day.

Muth filed his complaint against LSI on April 22, 2009, alleging LSI terminated him on

October 24, 2007, to avoid paying Muth full retirement benefits. LSI moved for summary judgment.

On March 9, 2010, this Court heard oral argument on the motion. Because the undisputed facts

demonstrate LSI did not terminate Muth's employment to prevent him from accruing ERISA

benefits, this Court granted LSI's motion on May 3, 2010.

**DISCUSSION**

Summary judgment may be granted only "if the pleadings, the discovery and disclosure

material on file, and any affidavits show that there is no genuine issue as to any material fact and that

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "On a motion for

summary judgment, facts must be viewed in the light most favorable to the nonmoving party only

if there is a genuine dispute as to those facts." *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009)

(citation and internal quotation marks omitted). "Where the record taken as a whole could not lead

---

[1] Muth alleges that on October 19, 2007, the Vice President stated, "If this deal [g]oes down because of you, I will personally go after your ass." Complaint ¶ 23.

a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id*.

Section 510 of ERISA makes it unlawful "for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . ." 29 U.S.C. § 1140. To prove a § 510 claim, a plaintiff must demonstrate his employer "made a conscious decision to interfere with the employee's attainment of pension eligibility or additional benefits." *Jakimas v. Hoffmann-La Rouche, Inc.*, 485 F.3d 770, 785 (3d Cir. 2007). A showing that the plaintiff's termination prevented him from accruing additional benefits alone is not probative of such intent. *Id.*

Muth alleges LSI terminated his employment one month before his 49th birthday to avoid providing him with his ERISA retirement plan's full benefits. Muth offers no direct evidence to support this allegation. When a plaintiff attempts to prove a § 510 claim using circumstantial evidence, courts use a burden-shifting approach. *DiFederico v. Rolm Co.,* 201 F.3d 200, 205 (3d Cir. 2000). A plaintiff must first establish a prima facie case by showing "(1) the employer committed prohibited conduct (2) that was taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Jakimas*, 485 F.3d at 785 (citation omitted). Prohibited conduct includes termination. *McLendon v. Cont'l Can Co.*, 908 F.2d 1171, 1177 n.11 (3d Cir. 1990). If a plaintiff establishes a prima facie case, the burden shifts to the employer to produce a legitimate, non-discriminatory reason for its conduct. *Jakimas*, 485 F.3d at 785-86. If the employer meets its burden of production, the burden shifts back to the plaintiff to show "the discriminatory reason more likely motivated the employer or . . . the employer's proffered explanation is unworthy of credence." *Id.* at 786.

Muth satisfies the first and third elements of a § 510 prima facie case because Muth can demonstrate LSI discharged him, and his termination prevented him from attaining the ERISA retirement plan benefits to which he would have been entitled had LSI employed him for an additional month. Muth contends the second element is proven by statements in which LSI's Vice President threatened Muth and disparaged him to one of LSI's customers shortly before the closing of the sale, and by LSI's failure to consider his proposal for a one-month extension of his employment. Even assuming his allegations are true, however, Muth fails to make any connection between LSI's decision to sell MPG and either the disparaging comments or the failure to consider his proposal. Moreover, the undisputed facts show LSI's sale was the sole reason for Muth's termination.[2] Muth has therefore failed to establish a prima facie case under § 510 because he has failed to show there is a genuine issue of material fact as to LSI's intent to interfere with Muth's ability to accrue full retirement benefits.

Additionally, even if Muth had established a prima facie case, LSI has provided a legitimate, nondiscriminatory reason for Muth's termination. LSI explained the transfer of MPG employees to Infineon was an essential part of the sale because the real value in such a technology business lies with the employees who developed and understand the technology. LSI argues its decision to terminate MPG's employees was based on the sale agreement, not the employees' temporal proximity to dates on which they would accrue additional ERISA benefits. Muth has not provided any evidence that LSI's articulated legitimate, non-discriminatory reason is false or that LSI's decision to sell MPG and terminate MPG's employees was made for the purpose of interfering with any ERISA benefits to which the employees were entitled. Therefore, this Court grants LSI's motion

---

[2] Muth admitted at deposition the only reason LSI terminated his employment was the sale of LSI to Infineon. Muth Dep. 74:2-9, Jan. 5, 2010.

for summary judgment because Muth failed to make out a prima facie case of a § 510 violation, and, even if he had, Muth has also failed to show LSI's legitimate non-discriminatory reason was a pretext for interfering with his ERISA rights.

Finally, Muth makes allegations which could be construed to state a claim arising under § 502. Section 502 allows a plaintiff to recover "benefits due to him under the terms of the plan." 29 U.S.C. § 1132. A plaintiff may only bring a § 502 claim if his rights to plan benefits have accrued. *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 575 (3d Cir. 2006). Plan benefit rights accrue when "the plan provides that an employee is irrevocably entitled to a certain benefit, and where all of the conditions precedent to the employee's receipt of that benefit have been satisfied." *Id.* Thus, a plaintiff can only seek relief where a defendant violated the terms of the plan by failing to provide a plaintiff with benefits corresponding to work a plaintiff had performed. *Eichorn v. AT&T Corp.*, 484 F.3d 644, 653 (3d Cir. 2007). Section 502 does not apply to claims that a defendant interfered with a plaintiff's "ability to become eligible for further benefits." *Id.*

Muth alleges LSI continued to employ him after October 24, 2007, because he helped LSI file patents after that date, and received three checks for this assistance. LSI asserts these checks were a product of Muth's pending patents, which were submitted before LSI terminated his employment. LSI contends its patent program allows a former employee to continue participating in the filing process for patents submitted before the employee was terminated. Muth admits the patents were based on work he completed for a predecessor to LSI. Pl.'s Mem. of Law in Opp. to Def.'s Mot. for Summ. J. at 27. Muth failed to allege a continuing employment relationship in his complaint. He further stated in his deposition and affidavit, and conceded at oral argument, that LSI terminated his employment on October 24, 2007, with the sale of MPG. Muth Dep. at 39: 22-24;

Pl.'s Aff. ¶¶ 26, 41. He admitted his employment with LSI ended on the same day as all employees in MPG. Muth Dep. at 80: 2-10. Muth also abandoned any § 502 claim at oral argument, stating LSI did not violate Muth's pension plan and Muth received all benefits due to him for his years of service and age. Mot. For Summ. J. Oral Arg't 11:36:16, 11:34:50, March 9, 2010. Thus, to the extent Muth's allegations raise a § 502 claim, LSI is also entitled to summary judgment on such a claim.


BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.